IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN K. WALTON,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL MYERS, Director, Official Capacity; WEST, Captain, Official Capacity; DOOLEY, Officer, Official Capacity; SHARMAN, Officer, Official Capacity; "RED," Medication Nurse; SULLIVAN, LT; and MOSS, SGT,<br><br>            Defendants. | 8:20CV239<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff John Walton was a pretrial detainee confined at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska, when he filed his pro se Complaint (Filing 1) on June 19, 2020. Although Walton has since been released from jail, his Complaint remains subject to initial review under 28 U.S.C. § 1915A for a determination of whether summary dismissal is appropriate. *See Mister v. Obadina*, No. 19-CV-00148, 2019 WL 1978343, at *1 n.2 (S.D. Ill. May 3, 2019) ("A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison.") (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)). Walton has also been granted leave to proceed in forma pauperis ("IFP"), first as a prisoner on June 29, 2020 (Filing 7), and then as a non-prisoner on December 22, 2020 (Filing 20), so his Complaint is subject to initial review under 28 U.S.C. § 1915(e)(2) as well.

### I. LEGAL STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff sues all Defendants in their official capacities, claiming that Defendants Dooley and Sharman pulled him through the hatch on the door of his cell while Plaintiff was attached to a "come along chain," causing still-lingering pain in his wrist and hand for which he is still taking pain pills. (Filing 1 at CM/ECF p. 4.) Plaintiff claims he has scars on both wrists, has nerve damage, and besides giving him Tylenol, "medical won't help." (Filing 1 at CM/ECF p. 5.) Plaintiff requests $4 million in damages.

## III. DISCUSSION

### A. Claims Against Defendants in Official Capacities

Plaintiff sues each Defendant in his or her official capacity, which is actually a suit against Douglas County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800

(8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against a county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against Defendants in their official capacities—which are in reality a claim against Douglas County—fail to state a claim upon which relief can be granted because he does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he

3

must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

On its own motion, the court will grant Plaintiff leave to file an amended complaint. If Plaintiff chooses to bring individual-capacity claims against Defendants in that amended complaint, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. That is to say, Plaintiff must explain how *each* Defendant *personally* participated in the alleged constitutional violation. Further, if Plaintiff chooses to bring such individual-capacity claims against Defendants, he should be mindful of the elements of such claims, which are discussed below.

### B. Excessive Force

Plaintiff claims that Defendants violated his right to be free from cruel and unusual punishment while being held as a pretrial detainee with the Douglas County Department of Corrections. The Eighth Amendment "has no application" until there has been a "formal adjudication of guilt." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). But the Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Id.* (emphasis in original; quoting *City of Revere*, 463 U.S. at 244); *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) ("Therefore, if the use of force in this case would have violated the Eighth Amendment had the plaintiffs been prisoners, that conduct necessarily violated the plaintiffs' rights under the Fourteenth Amendment."). The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton*, 752 F.3d at 1117 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

The elements of an excessive-force claim for pretrial detainees, as applied to the facts alleged here, are (1) the defendants used force against the plaintiff; (2) the force used

was excessive because it was not reasonably necessary to restore order or maintain discipline; and (3) as a direct result, the plaintiff was injured. *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, Inst. No. 4.41 (2020).

Excessive-force claims of pretrial detainees are analyzed under an objective-reasonableness standard—that is, were the defendants' actions objectively reasonable under the circumstances? *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. at 397 (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Ryan*, 850 F.3d at 427 (quoting *Kingsley*, 135 S. Ct. at 2473).

If Plaintiff wishes to state such a claim, he must allege plausible, truthful facts which will allow the court to draw the inference that Defendants are liable for the misconduct alleged.

**C. Deliberate Indifference to Serious Medical Needs**

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors). *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).

This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts. *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

"To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded." *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)); *see also Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs.").

An objectively serious medical need is one that "has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Laganiere*, 772 F.3d at 1116 (quoting *Jones v. Minn. Dep't of Corr.,* 512 F.3d 478, 481 (8th Cir. 2008)). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (quoting *Vaughn v. Gray,* 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 747 (internal quotations and citations omitted).

To the extent Plaintiff intends to assert such a claim, his amended complaint must allege plausible, truthful facts which will allow the court to draw the inference that Defendants are liable for the misconduct alleged.

IT IS ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a viable claim against a proper defendant who was personally involved in violating Plaintiff's constitutional rights. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. In his amended complaint, Plaintiff must identify each defendant by name

and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

2.   In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his original Complaint (Filing 1) and any new allegations. Failure to consolidate all claims *into one document* may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.   The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) in the event he files an amended complaint.

4.   The Clerk of the Court is directed to set the following pro se case management deadline: April 12, 2021—amended complaint due.

DATED this 11th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge